UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| GLORIA FELIX as Administrator of the Estate of MIGDALIA ORTEGA, and GLORIA FELIX, Individually and on behalf of all Distributees,<br><br>         Plaintiff,<br><br> -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE FIRE DEPARTMENT OF NEW YORK, POLICE OFFICERS "JOHN DOE I-X" (whose names are fictitious, and identities are not currently known) and FIRST RESPONDERS "JOHN DOE I-X" (whose names are fictitious and identities are not currently known),<br><br>         Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

-----------------------------------------------------------------X

## PARTIES TO THIS COMPLAINT

Plaintiffs' Names and Addresses

Gloria Felix
20-33 Greene Avenue
Queens, New York 11385

Migdalia Ortega (deceased)
66-17 Fresh Pond Road, #3
Queens, New York 11385

Defendants' Names and Addresses

The City of New York
1 Centre Street
New York, New York 10007

The New York City Police Department
1 Police Plaza
New York, New York 10038

The Fire Department of New York
9 Metrotech Center
Brooklyn, New York 11201

Police Officers John Doe I-X, employees of The New York City Police Department, whose names are fictitious and identities are not currently known

First Responders John Doe I-X, employees of The Fire Department of New York, whose names are fictitious and identities are not currently known.

## JURISDICTION

This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 1983 and 1988. This Honorable Court has supplemental jurisdiction over all state laws claims pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

1. At the time of the commencement of this action, plaintiff GLORIA FELIX was and still is a resident of the State of New York, County of Queens.

2. This action falls within one or more of the exemptions set forth in CPLR 1602.

3. That on May 9, 2022, Plaintiff's decedent, MIGDALIA ORTEGA, died intestate at Elmhurst Hospital Center in the State of New York, County of Queens.

4. That the plaintiff, GLORIA FELIX, was granted Limited Letters of Administration with by the Surrogate's Court of Queens County, on June 27, 2023, with regards to the estate of the decedent, MIGDALIA ORTEGA.

5. At all times mentioned, Defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. At all times mentioned, the defendant CITY OF NEW YORK owned, operated, managed, maintained, controlled, organized, kept, hired, trained, retained, monitored, and supervised THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, NYPD).

7. POLICE OFFICERS "JOHN DOE I-X", said names being fictitious and whose identities are presently unknown by Plaintiff, were employed by the defendants' CITY OF NEW YORK and NYPD, and at all times hereinafter mentioned, were acting within the scope of and in the course of their employment and under authority and color of State Law.

8. At all times mentioned, the defendant CITY OF NEW YORK owned, operated, managed, maintained, controlled, organized, kept, hired, trained, retained, monitored, and supervised THE FIRE DEPARTMENT OF NEW YORK (hereinafter, FDNY).

9. FIRST RESPONDERS "JOHN DOE I-X", said names being fictitious and whose identities are presently unknown by Plaintiff, were employed by the defendants' CITY OF NEW YORK and FDNY, and at all times hereinafter mentioned, were acting within the scope of and in the course of their employment and under authority and color of State Law.

10. All defendants were acting within the scope of and in the course of their employment and under authority and color of State Law.

11. Defendants, including but not limited to the NYPD AND FDNY, their agents, servants and employees, shall properly protect the rights of all persons, and shall follow and obey all laws with respect to the search, seizure, detention, arrest, confinement, use of force, use of deadly physical force, and prosecution and assistance in the prosecution of all persons.

12. Defendants, including but not limited to the NYPD AND FDNY, through its employees, agents, servants, shall not without reasonable, proper and due cause, detain, search,

seize, arrest, confine and prosecute and assist in the prosecution of persons nor use unnecessary, or excessive force.

13. The NYPD and FDNY, through its employees, agents, servants, shall not delay, deny or obstruct medical care to prisoners or those under its care and custody.

14. On or about August 4, 2022, a Notice of Claim was timely and properly served upon the defendants, CITY OF NEW YORK, THE FIRE DEPARTMENT OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

15. More than 30 days have elapsed since the presentment of this claim and the City has failed or refused to adjust the claim and all conditions precedent has been satisfied.

16. That on March 28, 2023, pursuant to General Municipal Law 50(h), plaintiff appeared for, and hearings were held at the Offices of the Attorneys for the City.

17. That this action is being commenced within one (1) year and ninety (90) days after accrual of this cause of action, or within the time allowed by law.

18. That on May 9, 2022, at approximately 8:15 A.M., decedent, MIGDALIA ORTEGA, was lawfully within the residential building located at 66-17 Fresh Pond Road.

19. At the aforementioned time and place, decedent MIGDALIA ORTEGA was shot by her boyfriend, Pedro Cintron.

20. At the aforementioned time and place the Defendants responded to a shooting at the aforementioned location.

21. At the aforementioned time and place the Defendants seized control and/or custody of the aforementioned premises.

22. After seizing control of the premises, Defendants entered the aforementioned residence in search of victims.

23. Defendants were aware that decedent, MIGDALIA ORTEGA, was critically injured at the aforementioned location.

24. Despite decedent, MIGDALIA ORTEGA's serious and/or life-threatening injuries, there was an unreasonable delay in her receiving medical and/or lifesaving care.

25. Decedent, MIGDALIA ORTEGA, was pronounced dead at Elmhurst Hospital Center on May 9, 2022.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE OFFICERS "JOHN DOE I-X"

26. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as hereinafter set forth at length.

27. At the above place and date and time Defendants, their agents, representatives, servants and/or employees were negligent, careless, grossly negligence, joint and severally liable and reckless in preventing and/or inhibiting were negligent with respect to their improper movement of plaintiff's body; negligent performance of duties; police misconduct; negligent infliction of emotional distress; denial, delay and obstruction of medical care and treatment; failure to properly secure the scene of the incident; negligent hiring, training, supervision, monitoring and retention of agents, servants and employees; failed to detect and/or respond in an appropriate manner to scene where decedent had been gravely wounded.

28. As a result of the foregoing, plaintiff's decedent, MIGDALIA ORTEGA, was adversely affected in her health, well-being and was caused to sustain her loss of liberty and freedom, personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, shock and fright, fear of impending death, mental anguish and her Estate has been damaged in a sum of two million dollars ($2,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENCE AGAINST DEFENDANTS THE FIRE DEPARTMENT OF NEW YORK AND FIRST RESPONDERS "JOHN DOE I-X"

29. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as hereinafter set forth at length.

30. At the above place and date and time Defendants, their agents, representatives, servants and/or employees were negligent, careless, grossly negligence, joint and severally liable and reckless in preventing and/or inhibiting were negligent with respect to their improper movement of plaintiff's body; negligent performance of duties; police misconduct; negligent infliction of emotional distress; denial, delay and obstruction of medical care and treatment; failure to properly secure the scene of the incident; negligent hiring, training, supervision, monitoring and retention of agents, servants and employees; failed to detect and/or respond in an appropriate manner to scene where decedent had been gravely wounded.

31. As a result of the foregoing, plaintiff's decedent, MIGDALIA ORTEGA, was adversely affected in her health, well-being and was caused to sustain her loss of liberty and freedom, personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, shock and fright, fear of impending death, mental anguish and her Estate has been damaged in a sum of one million dollars ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION: CIVIL RIGHTS CLAIMS AGAINST DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE OFFICERS "JOHN DOE I-X"

32. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as hereinafter set forth at length.

33. At the above place and date and at other locations and times, known by defendants, Defendants were acting under color of state law; defendants deprived Plaintiff's decedent of the right protected by the Constitution of the United States or a Federal or State or City statute, and said conduct caused the injuries and damages claimed by Plaintiffs.

34. By reason of the defendants conduct under color of state law, Plaintiff's decedent was deprived of Federal, State and City rights, including but not limited to the right to be free from the right to be free of cruel and unusual punishment, the right to due process, the right to equal protection under the law, the right to the fourteenth (14th) Amendment and that Plaintiff's decedent's liberty was restrained; the defendants, delayed denied, and obstructed the plaintiff's access to urgently needed medical care, was and sustained damages, punitive damages, and is entitled to Attorneys' Fees in this action.

35. Defendants, through their inadequate training and/or inadequate monitoring and supervision of their agents, servants and employees, and/or due to their the condoning of prior incidents and acts against others, defendants evidenced a pattern of deliberate indifference to the individual, civil and constitutional rights of other so as to ratify such conduct and violate the rights of others, and violated Plaintiff's Civil and Constitutional rights, as guaranteed by the Constitution of the State of New York and the United States of America, 42 USC1981 -2000(e) *et seq.,* and the New York State Civil Rights Law, and as set forth herein, and as otherwise recognized by the courts.

36. Defendants violated decedent's local, State and Federal civil rights, including but not limited 42 USC§ 1981, 42 USC§ 1983, 42 U.S.C. §§ 12101 et seq. (ADA); Title VII;

violated the 1st, 4th, 5th, 6th, 8th, 9th and 14th Amendment to the US Constitution; the New York State Constitution and civil rights law of the State of New York, acted in a discriminatory manner; delayed, denied and obstructed proper medical care and treatment; acted in a discriminatory manner on the basis of decedent's race/ethnicity; decedent was deprived of her civil rights by defendants their agents/servants/employees, and others acting under color of state law; supervisors/superiors condoned or ratified improper conduct or a pattern of improper conduct or of deliberate indifference to decedent's rights and were otherwise negligent.

37. As a result of the foregoing, plaintiff's decedent, MIGDALIA ORTEGA, was adversely affected in her health, well-being and was caused to sustain her loss of liberty and freedom, personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, shock and fright, fear of impending death, mental anguish and her Estate has been damaged in a sum of one million dollars ($1,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS- WRONGFUL DEATH**

38. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as hereinafter set forth at length.

39. As a result of the foregoing, Plaintiff's Estate was so grievously and seriously injured, that decedent MIGDALIA ORTEGA died as a result of her injuries.

40. That at the time of her death, Plaintiff's decedent left surviving family, kin, and heirs at law for whose benefit this action is commenced.

41. That prior to her death, Decedent MIGDALIA ORTEGA was a healthy woman, who attended and was able to perform her usual duties, and vocation and who contributed to the

support of her family, and by virtue of her wrongful death her family was deprived of her comfort and society and of her support, they have been otherwise peculiarly damaged as a result of the aforesaid wrongful death of the decedent MIGDALIA ORTEGA.

42. By reason of the death of Plaintiff's decedent, it became necessary to bury her remains, and Plaintiff incurred the obligation therefore, and she will incur additional administration expenses and other expenses in the settlement of the estate of decedent MIGDALIA ORTEGA.

43. By reason of the foregoing, the next of kin of the Decedent have been damaged, economically, and otherwise, in the sum of three million dollars ($3,000,000.00), together with costs and disbursements of this action and with such other and further relief as the Court may deem just and proper.

44. WHEREFORE, PLAINTIFF demands judgment against all defendant as follows:

For the First Cause of Action – in the sum of two million dollars ($2,000,000.00);

For the Second Cause of Action – in the sum of one million dollars ($1,000,000.00);

For the Third Cause of Action – in the sum of one million dollars ($1,000,000.00);

For the Fourth Cause of Action - sum of three million dollars ($3,000,000.00); together with interest, costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

45. The plaintiffs hereby demand a trial by jury on all counts of their complaint against the Defendants.

Dated: New York, New York
       July 17, 2023                                           Yours, etc.
                                                               **THE LAMBROU LAW FIRM, P.C.**

By: _____
Lambros Y. Lambrou, Esq.
Attorneys for Plaintiff
45 Broadway, Suite 3150
New York, New York 10006
(212)285-2100